|   |   |   |
|---|---|---|
| | HONORABLE RONALD B. LEIGHTON | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH DOYLE and CLAIRE DOYLE, husband and wife,<br><br>Plaintiffs,<br>v.<br><br>SAFEWAY, INC., a foreign corporation,<br><br>Defendant. | CASE NO. 3:19-CV-05015-RBL<br><br>ORDER GRANTING PLAINTIFFS MOTION TO REMAND<br><br>DKT. #15 |

## INTRODUCTION

THIS MATTER is before the Court on Plaintiff Doyle's[1] Motion to Remand. Dkt. #15. The parties agree that diversity of citizenship exists. The issue is whether the amount in controversy is met where the plaintiff denies his damages exceed $75,000, and refuses to stipulate that they do not.

## BACKGROUND

Doyle slipped and fell on Safeway's property. Dkt. #1, Ex. 2. He sued for negligence in Pierce County Superior Court, seeking medical expenses, pain and suffering, future loss of

---

[1] Keith Doyle was injured, but both he and his wife Claire are Plaintiffs. This order will use the singular for ease of reference.

income, plus loss of consortium for Claire Doyle. Dkt. #19, at 9. Safeway asked Doyle admit that he is not seeking damages over $75,000, and to waive any claim for damages over this amount. Dkt. #19, at 6. Doyle denied the request, claiming "damages are on-going, and will be determined during the course of the case." Dkt. #16, Ex 4. Doyle's attorney emailed Safeway explaining that he "ha[s] no reason to think [the case] will go above 75,000.00… [but] could stipulate that the damages are no less than $75,001.00." Dkt. #16, Ex 5.

Safeway removed this matter on this limited evidence because it was required to do so within the 30 day statutory limit. *See* 28 U.S.C. §1446 (b)(3). Doyle seeks remand, arguing that defendants' evidentiary support is not admissible as "summary judgment evidence." Dkt. 15, at 5. Safeway argues it properly removed the case after discovery because it relied on the email, Doyle's response to the Request for Admissions, and the refusal to stipulate to support remand. Dkt. #18, at 1.

**DISCUSSION**

1. **Legal Standard**

The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). The removal statute is strictly construed against removal jurisdiction. *Id. See also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Conrad Associates v. Hartford Acc. & Indem. Co.,* 994 F.Supp. 1196, 1198 (N.D.Cal.1998). It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus,* 980 F.2d at 567. The removing party must carry this burden not only at the time of removal, but also in opposition to a motion for remand. *Lefaive v. Steadfast Ins. Co*., 2018 WL 6716150 at *1 (W.D. Wash. Dec. 21, 2018)

*citing Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus,* 980 F.2d at 566.

   2. **Amount in Controversy**

The Ninth Circuit defines the amount in controversy as the "amount at stake in the underlying litigation." *Lefaive*, 2018 WL 6716150 at *1, *citing Gonzalez v. Car Max Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016). If "it is unclear or ambiguous… whether the requisite amount in controversy is plead…" courts look at the complaint and whether or not it "includes all relief claimed at the time of removal to which plaintiff would be entitled if she prevails." *Id.,* at *1 *citing Urbino v. Orkin Servs. of California, Inc.,* 726 F.3d 1118, 1122 (9th Cir. 2013); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-418 (9th Cir. 2018).

Safeway relied on Doyle's refusal to execute its stipulation and his denial to the request for admission to establish removal. Dkt #16, at Ex 4. However,"attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal." *Conrad,* 994 F.Supp. at 1199. Courts found that these types of speculative assertions are not sufficient to satisfy the jurisdictional amount. There needs to be more than "mere opinion and beliefs of counsel as to the amount in controversy." *Helland v. M705 Kroger W./QFC,* 2015 WL 11715590, at *2 (W.D. Wash. Feb. 20, 2015). In *Helland*, the plaintiff slipped and fell on defendant's property. Defendant tried to get plaintiff to stipulate to a cap on recovery, and plaintiff refused. *Id*. at *1-2. The court determined that "defendant's reliance on this refusal to stipulate is unavailing." *Id.,* at *2. "[A]ttempting to force the plaintiff to enter a stipulation regarding the potential amount of

damages would serve no effect in determining the amount of controversy at the time of removal." *Conrad,* 994 F.Supp, at 1199.

Safeway argues that Doyle's refusal to stipulate that his damages will not exceed $75,000 is evidence that they will exceed that amount. This evidence is not sufficient to meet Safeway's burden of proof. If the party seeking removal does not provide evidence to support its assertions, the party fails to meet its burden of by a preponderance of the evidence. *See Lefaive*, 2018 WL 6716150, at *2 (plaintiffs refusal to stipulate was not sufficient evidence that the amount in controversy had been met.) *Lefaive* held that a demand letter arbitrarily listing damages in excess of the $75,000 was not enough to establish the amount in controversy but was merely an opening demand. *Id.,* at *2. "A settlement letter is relevant evidence to the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Doyle's email is analogous to the *Lefaive* demand letter, where the plaintiff hedged and admitted only that it was "not likely" to go above $75,000. Dkt. #16, Ex 5. This is not enough evidence to show that the amount in controversy has been met.

Although a case involving a slip and fall with on-going treatment might exceed $75,000, "the Ninth Circuit has recognized that removability is determined through examination of the four corners of the applicable papers, not through a defendant's subjective knowledge or duty to make further inquiry." *Wilson v. Assisted Living Concepts, Inc.,* 2013 WL 6096258, at *1 (W.D. Wash. Nov. 20, 2013) (Defendants should have known that the damages in a wrongful death case would be greater than $75,000) (granting motion to remand on other grounds) *citing Harris* 425 F.3d at 694; *see also Roth v. CHA Hollywood Med. Center, L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013).

Unlike the plaintiffs in *Michels* v. *Geico Ins. Agency, Inc.*, who claimed how much they were seeking at trial, as well as other unspecified damages, Doyle claimed only the standard "medical expenses… pain and suffering." Dkt. #19, at 9; 12-CV-5609-RBL, 2012 WL 5866448, at *2 (W.D. Wash. Nov. 19, 2012) (motion to remand denied because the complaint and other evidence showed plaintiff sought far more than $75,000.00.) Safeway supplied no evidence that the amount in controversy is met. It instead relied on Doyle's uncertainty. This is a conclusory claim. "Conclusory allegations as to the amount in controversy are insufficient." *Chavez,* 888 F.3d at 416. Its arguments against remand are based on speculation and conclusory language, and lack any "facts whatsoever to support the court's exercise of jurisdiction." *Gaus,* 980 F.2d at 567. The mere allegation of a jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $[75,000]." *Id.* at 567. Safeway failed to meet its burden of proof because it did not provide sufficient evidence to show the jurisdictional amount was met. The denied admission, the blank stipulation, and the email are not sufficient evidence to show the required amount is in controversy. Plaintiff Doyle's Motion to Remand [Dkt. #15] is GRANTED, and this matter is REMANDED to Pierce County Superior Court.

IT IS SO ORDERED.

Dated this 14th day of March, 2019.

Ronald B. Leighton
United States District Judge